FILED
AUG 06 2020
AT_____ O'CLOCK_____
John M. Domurad, Clerk - Syracuse

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

PAUL VELLECA

Plaintiff(s),

v.

ROBERT PANGBURN
FRED FORD
SHANE BIGGAR

Defendant(s).

**COMPLAINT**
(Pro Se Prisoner)

Case No. 9:20-cv-887
(Assigned by Clerk's Office upon filing)

**Jury Demand**
☑ Yes
☐ No

---

**NOTICE**
The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's social security number, taxpayer identification number, or birth date; the name of a person known to be a minor; or a financial account number. A filing may include *only*: the last four digits of a social security number or taxpayer-identification number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. *See* Fed. R. Civ. P. 5.2.

---

I.  **LEGAL BASIS FOR COMPLAINT**

This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution and laws of the United States. Indicate below the federal basis for your claims.

☑ 42 U.S.C. § 1983 (state, county, or municipal defendants)
☐ *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)
☐ Other (please specify) _____

II. PLAINTIFF(S) INFORMATION

Name: PAUL VELLECA
Prisoner ID #: 20B0586
Place of detention: WYOMING CORRECTIONAL FACILITY
Address: P.O. BOX 501
ATTICA, N.Y. 14011-0501

Indicate your confinement status when the alleged wrongdoing occurred:
- ☐ Pretrial detainee
- ☐ Civilly committed detainee
- ☒ Convicted and sentenced state prisoner
- ☐ Convicted and sentenced federal prisoner
- ☐ Immigration detainee

Provide any other names by which you are or have been known and any other identification numbers associated with prior periods of incarceration:

_____

If there are additional plaintiffs, each person must provide all of the information requested in this section and must sign the complaint; additional sheets of paper may be used and attached to this complaint.

III. DEFENDANT(S) INFORMATION

Defendant No. 1: PANGBURN, ROBERT
Name (Last, First)

SERGEANT
Job Title

280 PHOEBE LANE, SUITE 6
Work Address

DELHI          N.Y.          13753
City           State         Zip Code

Defendant No. 2: FORD, FRED
Name (Last, First)

CORRECTIONS OFFICER
Job Title

2

<u>280 PHOEBE LANE, SUITE 6</u>
Work Address

<u>DELHI</u>        <u>N.Y.</u>        <u>13753</u>
City          State        Zip Code

Defendant No. 3: <u>BIGGAR, SHANE</u>
Name (Last, First)

<u>SERGEANT</u>
Job Title

<u>280 PHOEBE LANE, SUITE 6</u>
Work Address

<u>DELHI</u>        <u>N.Y.</u>        <u>13753</u>
City          State        Zip Code

Defendant No. 4: _____
Name (Last, First)

_____
Job Title

_____
Work Address

_____
City          State        Zip Code

If there are additional defendants, the information requested in this section must be provided for each person; additional sheets of paper may be used and attached to this complaint.

IV.  **STATEMENT OF FACTS**

State briefly and concisely the facts supporting your claims. Describe the events in the order they happened. Your statement of facts should include the following:

- The date(s) on which the events occurred
- Where these events took place (identify the facility and, if relevant, the specific location in the facility)

3

- How each defendant was involved in the conduct you are complaining about

If you were physically injured by the alleged misconduct, describe the nature of your injuries and the medical evaluation and treatment you were provided. You need not cite to case law or statutes or provide legal argument in the Statement of Facts. Use additional sheets of paper if necessary.

1. THE BASIS FOR THIS COURTS JURISDICTION OVER THIS CLAIM IS THAT OF A FEDERAL QUESTION.

2. THE INCIDENT TOOK PLACE IN DELAWARE COUNTY, NEW YORK THE NORTHERN DISTRICT BEING THE PROPER VENUE FOR THIS ACTION.

3. DEFENDANT #1: ROBERT PANGBURN, SERGEANT, 280 PHOEBE LANE, SUITE 6, DELHI, NEW YORK 13753.

4. DEFENDANT #2: FRED FORD, CORRECTIONS OFFICER, 280 PHOEBE LANE, SUITE 6, DELHI, NEW YORK 13753.

5. DEFENDANT #3: SHANE BIGGAR, SERGEANT, 280 PHOEBE LANE, SUITE 6, DELHI, NEW YORK 13753.

6. ON MAY 5TH IN DELAWARE COUNTY CORRECTIONAL FACILITY, INSIDE THE B-UNIT, PLAINTIFF BEING KEPT IN CELL #10 WAS APPROACHED BY ROBERT PANGBURN. WORDS WERE EXCHANGED THROUGH THE DOOR OF THE CELL. INSULTS WERE HURLED BACK AND FORTH. ROBERT PANGBURN SAID, "YOU MAY NOT LIKE ME, BUT I (F--ING) HATE YOU."

V. **STATEMENT OF CLAIM(S)**

State briefly and concisely the constitutional and/or statutory basis for each claim you seek to assert and identify the defendant(s) against whom each claim is

7. On May 6th, 2020, the following day Plaintiff was inside cell #10 of the B-Unit of Delaware County Correctional Facility filling out a grievance form when Robert Pangburn and Fred Ford entered Plaintiff's cell. Robert Pangburn had papers in one hand and stated that they were grievances he wished to "discuss." Robert Pangburn began asking questions that were unrelated to any grievance Plaintiff had previously filed. First question was, "What are we going to do about these grievances?" Plaintiff replied, "I guess you want me to sign off on them." Then Robert Pangburn said, "I want to talk about this now," and walked over to the mirror where derogatory comment was inscribed about Pangburn. Then he said, "Why did you threaten my officer?" Referring to Fred Ford. Then he called "Code Red Bravo" into his radio. Code Red is the term used by staff to call all available officers to a scene where a prisoner is acting in violence. Upon Robert Pangburn doing this, Plaintiff went from his sitting position straight to the floor face down with his hands behind his back. After Plaintiff was already in a

4a.

submissive position both Robert Pangburn and Fred Ford began to yell, "Get on the ground! Stop resisting!" This is a tactic commonly used at Delaware County Correctional Facility presumably to give those who might be listening from outside the cell the false notion that a prisoner is being resistant. Violation of U.S.C. 18 § 241

8. Plaintiff being face down could not see which defendant performed the following acts. One of them applied a knee forcefully to the right side of plaintiff's head, leaving a contusion and broken blood vessels next to the right eye; while the other applied a chemical agent to plaintiff's eyes, nose and mouth. Plaintiffs head was then slammed into a wall upon being picked up off of the floor, leaving a contusion on the top of his head. Prior to this, handcuffs were applied with maximum pressure causing partial numbness in plaintiff's hands which is still present as of the date of this writing on 6-9-2020. Plaintiff was then thrust into a restraint chair with hands cuffed behind his back instead of using the arm restraints of the chair itself. Violation of Eighth

AMENDMENT

9. SHANE BIGGAR ARRIVED ON THE SCENE AND SAID TO ROBERT PANGBURN, "WHAT HAPPENED? YOU CAME DOWN TO TALK ABOUT GRIEVANCES AND EVERYTHING WENT SOUTH?" INDICATING THAT HE KNEW ROBERT PANGBURN PLANNED TO COME TO PLAINTIFF'S CELL. PLAINTIFF WAS THEN WHEELED TO INTAKE AND LEFT IN A HOLDING CELL FOR A MINIMUM OF ONE (1) HOUR. PLAINTIFF WAS THEN WHEELED INTO THE SHOWER AND DRENCHED WITH WATER. THE CHEMICAL AGENT RAN DOWN PLAINTIFF'S BODY BURNING THE GROIN AREA. ROBERT PANGBURN SIMULTANEOUSLY HURLED INSULTS AS WELL AS A SPECIFIC THREAT TO "PLANT DRUGS" ON PLAINTIFF'S GIRLFRIEND, CHANEL DELOACHE. HIS EXACT WORDS WERE, "YOU SHOULD HAVE TOLD CHANEL HOW EASY IT IS FOR A MAN IN MY POSITION TO PLANT DRUGS ON SOMEBODY AND GET AWAY WITH IT." FOLLOWED BY, "YOU ALREADY RUINED YOUR LIFE NOW YOU'RE RUINING HERS TOO." VIOLATIONS OF EIGHTH AMENDMENT, USC 18 §241, USC 42 §1985.

10. PLAINTIFF WAS THEN WHEELED FROM THE SHOWER TO A HOLDING CELL ADJACENT FROM THE DESK WHERE ROBERT PANGBURN ROUTINELY SITS. PLAINTIFF WAS LEFT IN THE RESTRAINT CHAIR FULLY DRESSED, SOAKING WET, HANDS CUFFED

4c.

excessively tight behind his back for approximately three 3 hours before being afforded proper de-contamination and dry clothing. Violation of Eighth Amendment.

11. The actions performed and described in paragraph ten 10 were performed by Fred Ford under the direction of Robert Pangburn who told Fred Ford to let plaintiff remain soaking wet in the cell while in restraints. Violation of Eighth Amendment.

12. While in the holding cell plaintiff did learn that the whole incident was pre-meditated by Robert Pangburn the night of May 5th after overhearing Robert Pangburn tell Sargeant Donald Simonds that he (Robert Pangburn) was "up all night" thinking about the disrespectful comments plaintiff made about Robert Pangburns family; specifically his daughter. Plaintiff did also overhear Robert Pangburn tell Donald Simonds that he phoned a co-worker the night of May 5th and informed them of his intention to violate plaintiffs rights on May 6th and that this co-worker was in full support of his plan. Violation of First and Eighth Amendment,

13. FACTS ALLEGED IN PARAGRAPH TWELVE HAVE LED PLAINTIFF TO BELIEVE THAT PLAINTIFF'S SPEECH ON MAY 5TH, 2020, WAS THE SUBSTANTIAL AND MOTIVATING FACTOR IN ROBERT PANBURNS DECISION TO TAKE ACTION. VIOLATION OF 1ST AMENDMENT.

14. ON MAY 6TH SHANE BIGGAR HAVING KNOWLEDGE OF THE WRONGS CONSPIRED TO BE DONE AND HAVING THE POWER TO PREVENT THE SAME NEGLECTED TO DO SO. VIOLATION OF EIGHTH AMENDMENT, U.S.C. 42 § 1986.

15. PLAINTIFF RECEIVED NO MEDICAL TREATMENT FOR HIS PARTIALLY NUMB HANDS WHICH WAS PLAINTIFF'S MAIN ISSUE AND CONCERN. PLAINTIFF WAS GIVEN TWO 2 IBUPROFEN PILLS AND TOLD HE COULD NOT SEE A DOCTOR UNTIL MAY 12TH. ON THAT DATE DOCTOR SAID NUMBNESS WOULD "TAKE TIME TO HEAL" AND OFFERED TYLENOL. PLAINTIFF SAW DOCTOR AGAIN ON MAY 19TH AND WAS TOLD THE SAME. PLAINTIFF SIGNED UP FOR SICK CALL AGAIN ON MAY 24TH TO BE SEEN ON THE 26TH AS DOCTOR IS ONLY AVAILABLE ON TUESDAYS BUT PLAINTIFFS SICK CALL SLIP WAS IGNORED AND ALSO IGNORED THE FOLLOWING WEEK ON M JUNE 2ND. VIOLATION OF EIGHTH AMENDMENT.

16. ON MAY 17TH 2020 PLAINTIFF WAS GIVEN A HEARING IN RELATION TO THE INCIDENT ON MAY 6TH AND WAS GIVEN A

chance to view the incident report for the first time. Other officers named in the report were: Heath Goff, Matthew Cammer, Nicole Jacobs and Alan Weaver. The reports narrative was written by Fred Ford who maliciously falsified the narrative. A violation of the Eighth Amendment, 18 U.S.C. § 1519.

17. Plaintiff filed a grievance on May 7th about the incident. Grievance was denied by Shane Biggar who is the grievance coordinator. Plaintiff appealed and was denied by the C.A.O. who suggested I "write to investigator Barnes about the matter." Plaintiff wrote to the investigator roughly three (3) weeks prior to the writing of this complaint on 6-9-20. Investigator Barnes has yet to respond. Plaintiff believes all administrative remedies to have been exhausted.

4f.

asserted. Commonly asserted claims include: excessive force; failure to protect; deliberate indifference to medical needs; unconstitutional conditions of confinement; denial of due process in a disciplinary or other proceeding; denial of equal protection; retaliation for the exercise of a First Amendment right; and interference with free exercise of religion. Legal argument and case citations are not required. Use additional sheets of paper if necessary.

### FIRST CLAIM

RETALIATION FOR THE EXERCISE OF A FIRST AMENDMENT RIGHT. ROBERT PANGBURN, FRED FORD.

### SECOND CLAIM

CONSPIRACY AGAINST RIGHTS - VIOLATION OF U.S.C. 18 § 241, U.S.C. 42 § 1985. ROBERT PANGBURN, FRED FORD, SHANE BIGGAR.

### THIRD CLAIM

CRUEL AND UNUSUAL PUNISHMENT - VIOLATION OF EIGHTH AMENDMENT. ROBERT PANGBURN, FRED FORD.

VI. **RELIEF REQUESTED**

State briefly what relief you are seeking in this case.

DAMAGES - $5,000,000.00

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 6/10/20

Plaintiff's signature
(All plaintiffs must sign the complaint)

(revised 10/2/16)

MARIO S. BLINCOE
Notary Public, State of New York
Reg. No. 01BL6403303
Qualified in Delaware County
Commission Expires 1-28-24

5

SWORN BEFORE ME
THIS 10th DAY
OF June, 20 20

### FOURTH CLAIM

DELIBERATE INDIFFERENCE TO MEDICAL NEEDS. VIOLATION OF EIGHTH AMENDMENT. ROBERT PANGBURN, SHANE BIGGAR, FRED FORD.

### FIFTH CLAIM

FAILURE TO PROTECT - VIOLATION OF U.S.C. 42 § 1986. SHANE BIGGAR. VIOLATION OF EIGHTH AMENDMENT.

### SIXTH CLAIM

KNOWINGLY FALSIFYING ANY RECORD DOCUMENT OR TANGIBLE OBJECT. VIOLATION OF 18 U.S.C. § 1519. FRED FORD, ROBERT PANGBURN, SHANE BIGGAR.

Dated: 6/10/20

_Paul Cullen_
Plaintiffs signature

MARIO S. BLINCOE
Notary Public, State of New York
Reg. No. 01BL6403303
Qualified in Delaware County
Commission Expires 1-21-24

5a.

SWORN BEFORE ME THIS 10th DAY OF June, 2020