UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PAUL VELLECA,

                         Plaintiff,

    v.                                              9:20-CV-0887
                                                        (BKS/DJS)

ROBERT PANGBURN and FRED FORD,

                        Defendants.
_____

**APPEARANCES:**                                  **OF COUNSEL:**

PAUL VELLECA
20-B-0586
Plaintiff, *pro se*
Southport Correctional Facility
P.O. Box 2000
Pine City, New York 14871

THE LAW FIRM OF FRANK W. MILLER, PLLC    FRANK W. MILLER, ESQ.
Attorney for Defendants                            THOMAS J. MURPHY, ESQ.
6575 Kirkville Road
East Syracuse, New York 13057

**DANIEL J. STEWART**
**United States Magistrate Judge**

## ORDER

On August 24, 2021, the Court held a discovery conference with Plaintiff *pro se* and counsel for Defendants with respect to Plaintiff's Motion to Compel Discovery. *See* Text Minute Entry, August 24, 2021. The motion related specifically to the availability

1

of video surveillance evidence from the Delaware County Jail. *See* Dkt. Nos. 17 & 18. After hearing from the parties, the Court denied the Motion based on defense counsel's representations that, pursuant to established retention policies at the facility, no video evidence existed that could be produced. Dkt. No. 25. Plaintiff has now filed a Motion to Prevent Further Destruction of Evidence and for Sanctions for Spoliation of Evidence. Dkt. No. 26. Defendants have responded to the Motion. Dkt. No. 30. Having reviewed the Motion, the response, and based on the record in this case, the Court denies Plaintiff's Motion. The record presently before the Court establishes that there is no video evidence that the Court can direct Defendants to maintain. Nor has Plaintiff established any basis for directing Defendants to retain an expert to attempt to retrieve the video. To the extent that any such evidence is discovered, Defendants would, of course, be obligated to disclose that material to Plaintiff.

  Plaintiff also seeks sanctions for the alleged spoliation of evidence. Dkt. No. 26 at p. 9. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999). A party seeking sanctions based on the destruction or falsification of evidence must establish: "(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed 'with a culpable state of mind'; and (3) that the destroyed evidence was 'relevant' to the party's

claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002) (quoting *Byrnie v. Town of Cromwell*, 243 F.3d 93, 107-12 (2d Cir. 2001)). "The party seeking sanctions bears the burden of establishing all elements of a claim for spoliation of evidence." *Treppel v. Biovail Corp.*, 249 F.R.D. 111, 120 (S.D.N.Y. 2008). Applying this standard, the Court denies the Motion. The record establishes that the video surveillance Plaintiff seeks is no longer available by operation of a standard retention policy. Dkt. No. 25. That record and the lack of any showing of misconduct on the part of Defendants or their counsel precludes a finding that sanctions are warranted at this time. *Oliver v. New York State Police*, 2019 WL 1915215, at *5 (N.D.N.Y. Apr. 30, 2019).

Defendants have filed a Motion for Summary Judgment. Dkt. No. 27. Plaintiff did not timely respond to the Motion and defense counsel then filed a letter-request asking the Court to issue a decision based solely on Defendants' motion papers. Dkt. No. 33. Plaintiff has now responded to the Motion and Defendants' letter-request, therefore, is denied as moot.

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion to Prevent Further Destruction of Evidence and for Sanctions for Spoliation of Evidence (Dkt. No. 26) is **DENIED**; and it is further

3

**ORDERED**, that Defendants' letter-request (Dkt. No. 33) is **DENIED**.

Dated: December 1, 2021
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

4